**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Lonnie STIGALL, Defendant-Appellant.**

**No. 17686.**

United States Court of Appeals
Sixth Circuit.
March 28, 1967.

Lonnie Stigall, in pro. per.

Lawrence Gubow, U. S. Atty., Detroit, Mich., for appellee.

Before WEICK, Chief Judge, and PHILLIPS and PECK, Circuit Judges.

PER CURIAM.

Appellant has filed a motion for appointment of counsel under the Criminal Justice Act of 1964, 18 U.S.C. § 3006A, to represent him on his appeal in this case.

The record shows that appellant was found guilty of the unlawful possession and purchase of heroin in violation of 21 U.S.C. § 174 and 26 U.S.C. § 4704(a). On September 10, 1965, he was sentenced to imprisonment for a period of seven years. No notice of appeal was filed within the time prescribed by Rule 37(a) of the Federal Rules of Criminal Procedure.

Under date of December 9, 1966, appellant filed in the district court a motion for leave to appeal in forma pauperis, averring that appellant instructed his privately retained attorney to file a notice of appeal, but the attorney failed to do so; and that because of severe illness appellant had been hospitalized in prison hospitals almost continuously since the imposition of his sentence. The district court entered an order on December 9, 1966, granting leave to appeal in forma pauperis. The notice of appeal was filed on the same day, fifteen months after the imposition of sentence.

The filing of a notice of appeal as required by Rule 37(a), Federal Rules of Criminal Procedure, is mandatory and jurisdictional. Hill v. United States, 268 F.2d 203, 205 (C.A.6), cert. denied, 361 U.S. 854, 80 S.Ct. 110, 4 L.Ed.2d 93. The filing of a notice of appeal after the expiration of the time prescribed in Rule 37(a)(2) does not confer jurisdiction upon this court. The district court is not empowered to extend the time for filing the notice except as authorized by Rule 37(a), even though the late filing was the result of "excusable neglect."

United States v. Robinson, 361 U.S. 220, 80 S.Ct. 282, 4 L.Ed.2d 259.

The motion for appointment of counsel under the Criminal Justice Act is overruled. The appeal is dismissed.