James Francis SWARTZ, Petitioner-Appellant,

v.

UNITED STATES of America, Respondent-Appellee.

No. 17363.

United States Court of Appeals
Sixth Circuit.

June 8, 1967.

**26**

James H. Hayes, Cincinnati, Ohio, for appellant.

Harry E. Pickering, Asst. U. S. Atty., Cleveland, Ohio (Merle M. McCurdy, U. S. Atty., Cleveland, Ohio, on the brief), for appellee.

Before PHILLIPS, CELEBREZZE and McCREE, Circuit Judges.

PER CURIAM.

This cause is before the court on appeal from an order of the district court denying the motion of James Francis Swartz, petitioner-appellant, for vacation of judgment of conviction under 28 U.S.C. § 2255. Appellant was convicted and sentenced on June 19, 1959, for three violations of 18 U.S.C. § 2113(a) and (d). He did not perfect an appeal, but has filed previous § 2255 motions to vacate sentence.

 No evidentiary hearing was held by the district court in the present proceeding. In this action appellant contends that he undertook to appeal from his original conviction but that his attorneys failed to follow his instructions and did not file a formal notice of appeal. It is asserted, however, that petitioner wrote letters to the district court and to the United States Court of Appeals for the Sixth Circuit seeking to appeal and that such letters were mailed by him from the county jail in Raleigh, North Carolina, on or about the 25th day of June, 1959, within ten days after the imposition of his sentence. Unless some paper was filed by appellant which could be treated as a notice of appeal, no relief now can be granted in a § 2255 proceeding. The filing of a notice of appeal within the time prescribed by Rule 37(a) (2), Fed.R. Crim.P., is mandatory and jurisdictional. United States v. Robinson, 361 U.S. 220, 80 S.Ct. 282, 4 L.Ed.2d 259; United States v. Stigall, 374 F.2d 854 (C.A. 6).

 The clerk of this court has certified that he has made a careful search of his files and has found no record of any such letter having ever been received from appellant. Whether such a letter was received by the district court pre-

sents a question of fact. See Machibroda v. United States, 368 U.S. 487, 82 S.Ct. 510, 7 L.Ed.2d 473.

Upon consideration, we have concluded that the order of the district court should be vacated and that the case should be remanded to the district court for a determination of the following question:

Have the assertions made in the present case by appellant, to the effect that he mailed a letter to the district court asking for an appeal within ten days after his sentence, been passed upon by the district court at an evidentiary hearing in any previous § 2255 proceeding filed by appellant? If not, that the district court make a determination as to whether that court or the clerk thereof received from appellant a letter or any other paper susceptible of being treated as a notice of appeal within the time prescribed by Rule 37(a) (2), Fed.R.Crim.P.

Vacated and remanded.