**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Richard Earl SMITH, Defendant-
Appellant.**

**Misc. No. 417.**

United States Court of Appeals
Sixth Circuit.

Dec. 28, 1967.

Richard Earl Smith, in pro. per.

Lawrence Gubow, U. S. Atty., Detroit, Mich., for plaintiff.

Before WEICK, Chief Judge, and PHILLIPS and COMBS, Circuit Judges.

PER CURIAM.

Defendant was convicted at a jury trial March 17, 1967, of aiding and abetting bank robbery and placing the life of a bank employee in jeopardy by a dangerous weapon in violation of 18 U.S.C. § 2113(a) and (d). On May 22, 1967, the District Judge imposed a sentence of twenty years.

An attorney was appointed under the Criminal Justice Act, 18 U.S.C. § 3006A, to represent defendant in the District Court. On June 6, 1967, the District Judge signed a voucher approving payment of $500 to the court-appointed counsel for his services. This payment was approved even though the attorney had not filed a notice of appeal on behalf of his client. The attorney has received his fee from the Federal treasury, the voucher having been paid by the Administrative Office of the United States Courts on July 13, 1967.

On June 4, 1967, defendant wrote a letter to the clerk of this Court concerning his appeal, requesting a transcript and appointment of an attorney. The clerk informed him that no appeal was pending, since no notice of appeal had been filed. Thereupon defendant wrote a letter to the District Judge to the effect that he was awaiting appeal procedure to commence and was curious as to what had caused the delay in the appeal. The clerk of the District Court informed appellant that no notice of appeal had been filed by appointed counsel and that said counsel was "no longer in the case."

On July 12, 1967, defendant wrote a letter to the District Judge which was docketed as "petition to appeal in forma pauperis with notice of appeal attached." On July 20 the District Court entered an order denying delayed appeal because the application was not filed within the time required by Rule 37, Fed.R.Crim.P.

Thereupon, under date of August 7, 1967, defendant filed in this Court a motion to appeal in forma pauperis, stating that "after his sentence May 22, 1967, he was under the impression his court-appointed attorney had filed a timely notice of appeal as he requested him to do, but which he failed to do." He also filed in the District Court a "motion to modify the sentence," which was denied August 15.

The sentencing transcript discloses that the District Judge failed to comply with Rule 32(a) (2) of the Fed.R.Crim. P., as amended in 1966:

"(2) Notification of Right to Appeal. After imposing sentence in a case which has gone to trial on a plea of not guilty, the court shall advise the

defendant of his right to appeal and of the right of a person who is unable to pay the cost of an appeal to apply for leave to appeal in forma pauperis. If the defendant so requests, the clerk of the court shall prepare and file forthwith a notice of appeal on behalf of the defendant. As amended Feb. 28, 1966, eff. July 1, 1966."

The Advisory Committee's notes for this amendment show that it was thought that knowledge of the right of appeal was so important that the District Judge should give the required advice even though the defendant is represented by counsel. 39 F.R.D. 69, 193.

■ An appeal in a criminal case is a matter of right. Coppedge v. United States, 369 U.S. 438, 82 S.Ct. 917, 8 L.Ed.2d 21. The Court has held that the timely filing of a notice of appeal according to Rule 37, Fed.R.Crim.P., is both mandatory and jurisdictional. Swartz v. United States, 378 F.2d 25 (6th Cir.) ; United States v. Stigall, 374 F.2d 854 (6th Cir.).

The District Court may extend the ten day period only as authorized by Rule 37 if "excusable neglect" is found, and then only for an additional thirty days after the expiration of the original ten day period. Any further extension, or any extension for reasons other than "excusable neglect," will not be allowed. United States v. Robinson, 361 U.S. 220, 80 S.Ct. 282, 4 L.Ed.2d 259; United States v. Stigall, supra.

In the present case nothing was filed within ten days after sentencing. A letter was received by the clerk of this Court within thirty days after the expiration of the original ten day period, which might have been treated as a notice of appeal if timely filed. Swartz v. United States, supra; Richey v. Wilkins, 335 F.2d 1 (2d Cir.). Thereafter letters were received by the District Court from defendant making it clear that defendant had been and was relying upon his court-appointed counsel to protect his right to perfect an appeal. No extension of time was requested expressly by defendant during the thirty day period following expiration of the original ten day period, nor was any extension of time granted by the District Court.

■■ It is the duty of the District Judge after imposing sentence to advise the defendant of his right to appeal and of the right of a person who is unable to pay the cost of an appeal to apply for leave to appeal in forma pauperis. Furthermore, the duties of an attorney appointed under the Criminal Justice Act do not end with the trial in the District Court. It is the further duty of the attorney to advise his client of his right of appeal, and, if requested to do so, to file a timely notice of appeal.

The Criminal Justice Act, 18 U.S.C. § 3006A(c), provides as follows:

"A defendant for whom counsel is appointed shall be represented at every stage of the proceedings from his initial appearance before the United States commissioner or court through appeal."

The Plan [1] adopted by the United States District Court for the Eastern District of Michigan under the Criminal Justice Act, provides as follows:

"In the event that a defendant is convicted following trial, counsel appointed hereunder shall advise the defendant of his right of appeal and of his right to counsel on appeal. If requested to do so by the defendant, counsel shall file a timely notice of appeal, and he shall continue to represent the defendant unless, or until, he is relieved by the Court of Appeals."

■ It is clear that defendant was not advised by the District Court of his right of appeal. It also is alleged that the court-appointed attorney was requested to file a notice of appeal. The record is clear that a timely notice of appeal was not filed. It is not clear whether the

---

[1]. This Plan was approved by the Judicial Council of the Sixth Circuit on April 8, 1965, and filed with the Clerk of this Court April 22, 1965.

court-appointed counsel advised defendant of his right to appeal.

The motion to appeal in forma pauperis is granted and the clerk is directed to docket the appeal. An order will be entered vacating the sentence and remanding the case to the District Court for resentencing, to the end that defendant's right of appeal will be preserved. Miller v. United States, 356 F.2d 63 (5th Cir.), cert. denied, 384 U.S. 912, 86 S.Ct. 1357, 16 L.Ed.2d 365; Hannigan v. United States, 341 F.2d 587 (10th Cir.); Calland v. United States, 323 F.2d 405 (7th Cir.);[2] Boruff v. United States, 310 F.2d 918 (5th Cir.).[3] The Supreme Court has held that where a convicted and sentenced defendant seeks to institute an appeal and has done all that reasonably could be expected under the circumstances within the appeal period, the Federal Rules of Criminal Procedure will not be read too restrictively where not justified in the particular case. Fallen v. United States, 378 U.S. 139, 84 S.Ct. 1689, 12 L.Ed.2d 760.

The District Court, at the time of resentencing, will instruct defendant of his right of appeal in accordance with Rule 32(a) (2), Fed.R.Crim.P. If the defendant so requests, the clerk of the District Court will prepare and file a timely notice of appeal on his behalf.

The District Court is further directed to conduct an evidentiary hearing as to whether the court-appointed counsel advised defendant of his right of appeal and of his right to counsel on appeal and whether defendant requested said counsel to file a notice of appeal. If the District Court finds (1) that defendant requested his counsel file a notice of appeal or (2) that said counsel failed to advise defendant of his right of appeal and of his right to counsel on appeal in accordance with the requirements of the District Court's Criminal Justice Act Plan quoted above, the District Court is directed to enter a show cause order re-

quiring the court-appointed counsel to show cause why he shall not be required to refund the fee of $500 heretofore paid to him for his services as court-appointed counsel.

Vacated and remanded for further proceedings not inconsistent with this opinion.

2. For a discussion of the facts found on remand in this case see Calland v. United States, 341 F.2d 44 (7th Cir.).

3. This latter case was cited with approval by this Court in United States v. Collins, 335 F.2d 547, 549.