**Luther S. CARTWRIGHT, Petitioner-Appellant,**

v.

**UNITED STATES of America, Respondent-Appellee.**

**No. 18715.**

United States Court of Appeals Sixth Circuit.

May 7, 1969.

---

5. Siegel, *loc. cit.* col. 4.

6. See n. 1, *supra.*

**123**

court-appointed counsel. His petition, filed on August 4, 1967, and denominated Petition for Belated Direct Appeal, but correctly treated by the District Judge as a § 2255 application, asserts entitlement to relief because of the alleged fact that his appointed attorney failed to take an appeal as requested by Cartwright. The District Judge denied relief without conducting a hearing to test the truth of Cartwright's claims. He expressed his view that, although there is authority to the contrary, this Court, under its decision in United States v. Stigall, 374 F.2d 854 (1967), cert. denied, 389 U.S. 885, 88 S.Ct. 159, 19 L.Ed.2d 184 (1967), is committed to the proposition that the failure of counsel to comply with a request to file an appeal,

"constitutes only excusable neglect on the part of the prospective appellant, which is insufficient to sanction a departure from the strict jurisdictional requirement of Rule 37(a)."

Such is the rule of United States v. Robinson, 361 U.S. 220, 80 S.Ct. 282, 4 L.Ed. 2d 259 (1960).

Some distinction between the case at bar and *Stigall* is immediately provided by the fact that there the defendant was represented by privately-retained counsel, whereas Cartwright's attorney was court-appointed. We, however, will not bottom our decision upon this tenuous distinction. In the United States Courts today a very great many, if not most, of the criminally accused are represented by counsel retained for them at the expense of the United States Government. Such litigants should not be more easily excused from compliance with required procedures than are those who retain and pay for their own lawyers. Another distinction from *Stigall*, however, persuades us that we should remand the case for a hearing in the District Court. Transcript of the sentencing hearing discloses that Cartwright then indicated his desire that an appeal be taken.[1] With Cartwright and

John E. S. Scott, court-appointed, Detroit, Mich., for appellant.

Robert J. Grace, U. S. Atty., Detroit, Mich., for appellee.

Before WEICK, Chief Judge, O'SULLIVAN and McCREE, Circuit Judges.

O'SULLIVAN, Circuit Judge.

This appeal is from denial by the United States District Court for the Eastern District of Michigan of petitioner's motion to vacate sentence under 28 U.S.C. § 2255. Petitioner, Luther S. Cartwright, was convicted in the District Court of three counts of an indictment charging him with bank robbery under 18 U.S.C. § 2113(a) and (d) and on March 22, 1966 was sentenced to three concurrent twenty-year terms of imprisonment. He was represented at trial by

1. The opinion in *Stigall* does not disclose evidence that the defendant-appellant

therein made clear his desire and intent to appeal at the time of his sentencing.

his appointed counsel present, the District Judge conducted the presentence allocution, and when asked if he wished to say anything, Cartwright replied, "I said I never had a trial like this and I wouldn't know too much about what to say." After adequate discussion of the case and reminding defendant of his long criminal record and the seriousness of the offenses of which he had been convicted, the judge imposed the sentences, whereupon the following occurred:

"Mr. Riseman: [Cartwright's counsel]: I think Mr. Cartwright wishes to ask the Court a question at the present time.

"The Court: All right.

"The Defendant: Is it possible that I could get an appeal on this?

"Certain cases I notice you mentioned in '57 and '56, I never was brought to court concerning this matter and what it would consist of. I never did get the right to answer. All I know, I was turned loose.

"The Court: Of course, anyone has the right to appeal, any convicted defendant. When you ask me can you appeal, that's my answer.

"The Defendant: Yes.

"The Court: That's all."

Certainly the foregoing does not establish that Cartwright told his lawyer to take an appeal, but it indicates his interest in taking an appeal.

At the time of the sentencing of Cartwright, the Eastern District of Michigan had adopted the following as part of the Court Plan to implement the Criminal Justice Act:

"In the event that a defendant is convicted following trial, counsel appointed hereunder shall advise the defendant of his right of appeal and of his right to counsel on appeal. If requested to do so by the defendant, counsel shall file a timely notice of appeal, and he shall continue to represent the de-

fendant unless, or until, he is relieved by the Court of Appeals."

Effective July 1, 1966 (shortly after the March, 1966 sentencing here), Rule 32 of the Federal Rules of Criminal Procedure was amended to add subsection (a) (2) providing:

"*Notification of Right to Appeal.* After imposing sentence in a case which has gone to trial on a plea of not guilty, the court shall advise the defendant of his right to appeal and of the right of a person who is unable to pay the cost of an appeal to apply for leave to appeal in *forma pauperis.* If the defendant so requests, the clerk of the court shall prepare and file forthwith a notice of appeal on behalf of the defendant."

Under the circumstances presented by this appeal, we think it best to remand the matter to the District Court for a hearing to determine the truth of Cartwright's averment that he had made timely request to his attorney to take an appeal. Such was our order in United States v. Smith, 387 F.2d 268 (6th Cir. 1967), where, as here, there was charged a failure of court-appointed counsel to take an appeal requested by his client.[2] Such also was the practice directed by the Seventh Circuit in Calland v. United States, 323 F.2d 405 (1963). See also, Camp v. United States, 352 F.2d 800 (5th Cir. 1965); United States ex rel. Maselli v. Reincke, 261 F.Supp. 457 (D.C. Conn.1966).

If, after hearing, the District Judge finds as a fact that Cartwright's claim that he asked his lawyer to take an appeal is not true, the petition should be denied. If, however, the critical factual issue presented by the petition is resolved in favor of Cartwright, the judge will need to consider whether he is dealing with the simple question of "excusable neglect" found insufficient for relief under United States v. Robinson, 361 U.S. 220, 80 S.Ct. 282, 4 L.Ed.2d 259

2. We recognize that *Smith* is distinguishable by the fact that the above-quoted Rule 32(a)(2), Fed.R.Crim.P., was in effect at the time of the involved sentence.

(1960), or whether the petition calls for application of the language of Fallen v. United States, 378 U.S. 139, 84 S.Ct. 1689, 12 L.Ed.2d 760 (1964), where the Court said:

> "Rule 37(a) provides that '[a]n appeal by a defendant may be taken within 10 days after entry of the judgment or order appealed from \* \* \*' and that an appeal is taken 'by filing with the clerk of the district court a notice of appeal \* \* \*.' The Court of Appeals has read this to mean that, irrespective of the reason for the delay, the notice of appeal must actually be in the hands of the clerk on or before the 10th day. Since the timely filing of a notice of appeal is a jurisdictional prerequisite to the hearing of the appeal, the court thus felt powerless to do anything but to dismiss.

> *"Overlooked, in our view, was the fact that the Rules are not, and were not intended to be, a rigid code to have an inflexible meaning irrespective of the circumstances."* 378 U.S. at 142, 84 S.Ct. at 1691. (Emphasis supplied.)

The case is remanded to the District Court to hold a hearing as hereby directed.