**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Luther S. CARTWRIGHT, Defendant-**
**Appellant.**

**No. 19888.**

United States Court of Appeals,
Sixth Circuit.

Aug. 6, 1970.

---

1. Pursuant to our Rule 18 this case is decided without oral argument.

John E. S. Scott, Detroit, Mich. (Court appointed), for appellant.

Ralph B. Guy, Jr., Chief Asst. U. S. Atty., Detroit, Mich., James H. Brickley, U. S. Atty., Detroit, Mich., on the brief, for appellee.

Before PHILLIPS, Chief Judge, and EDWARDS and BROOKS, Circuit Judges.

EDWARDS, Circuit Judge.

This is a belated direct appeal from appellant's conviction for bank robbery. It presents two questions which arise directly from this court's decision in United States v. Smith, 404 F.2d 720 (6th Cir. 1968), which adopted the American Law Institute's standards as to the defense of insanity in criminal cases. This record presents a series of coincidences which appear to us to require vacation of the judgment appealed from and appellant's retrial.

Appellant was convicted after jury trial on' a three-count indictment charging two offenses of bank robbery and one offense of putting a bank teller's life in jeopardy, in violation of 18 U.S.C. § 2113(a) and (d) (1964). The trial took place in 1966, with appellant relying principally upon the defense of insanity. He was found guilty and sentenced to 20 years on each of three counts, with concurrent terms.

Subsequently appellant, in a motion to vacate judgment under 28 U.S.C. § 2255 (1964), claimed that his court-appointed counsel had failed to follow his instructions in relation to appeal. This court ordered an evidentiary hearing on this issue, Cartwright v. United States, 410 F.2d 122 (6th Cir. 1969). Thereafter the District Court held such a hearing, vacated appellant's sentence and resentenced him, thus giving him the opportunity to take a direct appeal from his original conviction. This is that appeal.

The first question is whether or not the limited retroactivity which we indicated we would apply in *Smith* should be applied to this case. In *Smith* we said, "Retrial will be granted only as to those cases involving such defense which are now on appeal." United States v. Smith, *supra* 404 F.2d at 728. It appears that the District Court found that appellant sought to appeal, but was denied his right to do so only by failure of counsel to carry out his instructions. We are, in fact, now hearing his direct appeal. Under these circumstances, it seems appropriate for the limited retroactivity principle just quoted to apply to this case.

As the second issue appellant now contends that in his original trial the United States District Judge committed reversible error by failing to give

the test of mental responsibility adopted subsequently by this court in United States v. Smith, *supra*. The portion of the charge particularly objected to follows:

"[A] defendant may also be insane if he had a mental disease which *destroyed his capacity* to act as a responsible law-abiding citizen at the time of the commission of the offense." (Emphasis added.)

The *Smith* case specifically rejected an instruction which employed language concerning the destruction of the will which we cannot effectively distinguish from that just quoted. In *Smith* we adopted the following language from the ALI's Model Penal Code:

" 'A person is not responsible for criminal conduct if at the time of such conduct as a result of mental disease or defect he *lacks substantial capacity* either to appreciate the criminality [wrongfulness] of his conduct or to conform his conduct to the requirements of the law.' Model Penal Code § 4.01 (Official Draft, 1962)." United States v. Smith, *supra*, 404 F.2d at 726. (Emphasis added.)

The instruction in the instant case did not require the jury to determine whether mental disease had deprived appellant of "substantial capacity * * * to conform his conduct to the requirements of the law" either in those words or in reasonable equivalent thereof. For these reasons we feel compelled to reverse this conviction for new trial in which the standards adopted in United States v. Smith, *supra,* will be employed.

It would, however, be unjust to the District Judge for us to fail to note that his instruction was devised some two years before the *Smith* case was decided and that in many respects (although as noted above not in all) it anticipated much of what was subsequently decided in *Smith.*

The judgment is reversed and the case is remanded to the District Court for further proceedings consistent with this opinion.