John M. ROSINSKI, Petitioner-Appellant,

v.

UNITED STATES of America,
Respondent-Appellee.

No. 71-2005.

United States Court of Appeals,
Sixth Circuit.

May 5, 1972.

James C. Bonner, Jr., Decatur, Ga., on brief, for petitioner-appellant.

Ralph B. Guy, Jr., U. S. Atty., Michael D. Gladstone, Asst. U. S. Atty., Detroit, Mich., on brief, for respondent-appellee.

Before PHILLIPS, Chief Judge, CELEBREZZE, Circuit Judge, and McALLISTER, Senior Circuit Judge.

PER CURIAM.

Rosinski filed this action pursuant to 28 U.S.C. § 2255 to vacate his sentence under an armed robbery conviction on the ground that he was deprived of the effective assistance of counsel during the period between sentencing and the expiration of time for filing a notice of appeal. His petition was denied by the District Court. We reverse.

Rosinski was represented in the original criminal case by retained counsel. Following conviction, he was advised by the court of his right to appeal. According to his verified petition, he informed counsel of his desire to appeal. Upon learning that Rosinski's funds had been exhausted, counsel informed him that the court would appoint counsel for him and would forward the necessary papers to him.

Trial counsel did nothing to perfect the appeal, but assured Rosinski that all was proceeding according to the rules, informing him by letter that the court "was going to allow you to file the necessary papers for a timely appeal . . . [and] that the necessary papers had been mailed to you." Under these circumstances, failure of counsel to perfect an appeal amounts to ineffective assistance. *See* Woodall v. Neil, 444 F.2d 92 (6th Cir. 1971); Goodwin v. Cardwell, 432 F.2d 521 (6th Cir. 1970); Benoit v. Wingo, 423 F.2d 880 (6th Cir. 1970). Although these cases involved habeas corpus petitions by state prisoners, we perceive no reason to apply a different rule in proceedings under 28 U.S.C. § 2255. *See* Kaufman v. United States, 394 U.S. 217, 89 S.Ct. 1068, 22 L.Ed.2d 227 (1969).

Accordingly, the District Court is directed to grant petitioner's motion, vacate the sentence imposed, and resentence petitioner on the original conviction in order to start the time for appeal running again. The District Court at the time of resentencing will again in-

struct Rosinski of his right to appeal in accordance with R. 32(a) (2), Fed.R. Crim.P. If Rosinski so requests, the Clerk of the District Court shall prepare and file a timely notice of appeal on his behalf. *Cf.* United States v. Smith, 387 F.2d 268 (6th Cir. 1967).

Reversed and remanded with directions.