879 F.2d 864
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
William David PANKEY, Defendant-Appellant.
 Nos. 88-5045, 88-6197.
 United States Court of Appeals, Sixth Circuit.
 July 18, 1989.
 
 Before DAVID A. NELSON and BOGGS, Circuit Judges, and ANN ALDRICH, District Judge.*
 PER CURIAM.
 
 
 1
 Following his conviction on federal charges arising out of efforts to collect a drug debt through strong-arm methods, Defendant William Pankey moved for vacation of his sentence under 28 U.S.C. Sec. 2255. He asserted that he had been arrested without probable cause and had been denied the effective assistance of counsel. The district court denied the motion without holding an evidentiary hearing. Although we believe dismissal was proper as to most of Mr. Pankey's claims, we are troubled by the allegation that his attorney failed to file a notice of appeal after being asked specifically to do so. The case will be remanded for an evidentiary hearing on this question. If the allegation proves to be accurate, Pankey will be entitled to an out-of-time appeal.
 
 
 2
 * On the evening of January 19, 1986, two men arrived at the Memphis home of one William Doggrell. The men brandished machine guns and an automatic pistol, and they threatened to kill Mr. Doggrell and his girlfriend, Bonnie Winters, if Doggrell did not pay a $60,000 drug debt. Doggrell believed the men had been sent by David Osment, a drug dealer with whom Doggrell had previously done business.
 
 
 3
 Doggrell contacted the FBI, which encouraged him to set up a meeting with Osment. The two arranged to meet on a crowded Memphis street. When Osment showed up for the meeting, he was arrested by waiting FBI agents. Another man, who was behaving in a furtive manner and who fit the physical description of one of the two men who had assaulted Mr. Doggrell and Ms. Winters, was arrested nearby. That man turned out to be defendant Pankey.
 
 
 4
 A photograph of Pankey was shown to Doggrell and Winters. They identified the man in the photograph as one of their assailants. Pankey and Osment were indicted by a grand jury on charges of conspiracy, travel in interstate commerce with intent to commit assault to further an unlawful activity, and use of a firearm to commit an assault to further an unlawful activity, in violation of 18 U.S.C. Secs. 2, 371, 924(c), and 1952.
 
 
 5
 Before trial, Winters was again shown a single photograph of Pankey. Both Doggrell and Winters later made an in-court identification of Pankey as one of their attackers.
 
 
 6
 The defendants were convicted on May 20, 1986. Pankey was thereafter sentenced to a total of 10 years' imprisonment. The minutes of the sentencing hearing show that the district court advised Pankey of his right to appeal, "on a pauper's oath" if necessary, but did not inform him of the 10-day period for filing a notice of appeal. No appeal was taken.
 
 
 7
 Pankey filed a pro se motion to vacate sentence in October of 1987, alleging (1) that he had been denied his Sixth Amendment right to the effective assistance of counsel at trial, (2) that he had been denied his Sixth Amendment right to counsel at a preliminary hearing, and (3) that his "[c]onviction [was] obtained by the use of evidence obtained pursuant [sic] [to] an unlawful arrest." The second of these grounds has been abandoned on appeal.
 
 
 8
 A magistrate ordered the government to respond to the motion, and after consideration of the motion and the response the motion was denied. Pankey then filed a "traverse" to the government's response, accompanied by a "motion to recuse" the district judge and a motion for reconsideration. Refusing to consider the traverse, the court denied the motion to recuse and the motion for reconsideration. This appeal followed. Pankey later filed a separate appeal from the denial of his "motion to recuse" the district judge.
 
 II
 
 9
 Mr. Pankey claims that his trial counsel's performance was deficient in the following ways:
 
 
 10
 (1) counsel failed to call alibi witnesses,
 
 
 11
 (2) counsel "permitted with out [sic] objection untrue statements by witnesses,"
 
 
 12
 (3) counsel "failed to object to the evidence obtained pursuant to the unlawful arrest,"
 
 
 13
 (4) counsel "would not let the petitioner testify" at trial, and
 
 
 14
 (5) counsel failed to file a notice of appeal after Pankey's conviction.
 
 
 15
 To prevail on his Sixth Amendment claim, Pankey must satisfy the standard announced by the Supreme Court in Strickland v. Washington, 466 U.S. 668 (1984):
 
 
 16
 "First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable."
 
 
 17
 466 U.S. at 687. In evaluating the performance of trial counsel, the reviewing court
 
 
 18
 "must be highly deferential.... Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.' "
 
 
 19
 Id. at 689 (quoting Michel v. Louisiana, 350 U.S. 91, 101 (1955)).
 
 
 20
 Pankey now requests that the case be remanded to the district court for an evidentiary hearing on the merits of his ineffective assistance of counsel claim. Section 2255 provides that "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall ... grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto." (Emphasis added.)
 
 III
 
 21
 Most of the allegations of deficient performance are plainly insufficient. First, Pankey alleges that his trial counsel failed to present alibi evidence. There is no indication that Pankey's trial counsel was aware of an alibi defense, and the motion alleged no facts in support of such a defense. Pankey now seeks to bring such alibi evidence before this court by way of affidavits from various people, including his mother. Because these materials were not before the district court, they are not part of the record before us and may not properly be relied upon here. See Porcaro v. United States, 784 F.2d 38, 39 (1st Cir.1986) (per curiam), cert. denied, 479 U.S. 916 (1986).[1]
 
 
 22
 Second, Pankey alleges that his trial counsel "permitted with out [sic] objection untrue statements by witnesses." We are not told which untrue statements were "permitted," what was untrue about those statements, or how the failure to object actually prejudiced Pankey's defense. This vague claim does not pass muster.
 
 
 23
 Third, Pankey alleges that he was deprived of the effective assistance of counsel because his lawyer "would not let the petitioner testify" at trial. Pankey does not tell us what facts he would have testified to if he had been called, nor does he say that he asked his attorney to put him on the stand. Whether to call the defendant is typically a question of trial strategy that courts are particularly loath to second-guess.
 
 
 24
 The fourth alleged deficiency was counsel's failure to object to identification testimony that Mr. Pankey claims was the fruit of an illegal arrest. This is closely related to a claim that Pankey was arrested without probable cause. Mr. Pankey fit a physical description of the man who had assaulted Mr. Doggrell and Ms. Winters, and Pankey was spotted nearby as David Osment arrived for his scheduled meeting with Doggrell. There was evidence at trial that Pankey was behaving furtively and appeared to be acting as a lookout. Pankey refused to identify himself to police, could not give a coherent explanation of why he was in the area, and told police he thought it would not be prudent for him to answer their questions. In our view Pankey is entitled to no relief on either his Fourth Amendment claim based on the arrest itself or on his Sixth Amendment claim that his trial counsel was ineffective because he failed to object to the introduction of identification testimony that was the fruit of that arrest.[2]
 
 
 25
 Whether these alleged deficiencies of counsel are taken singly or together, we see no reason to suppose either that the performance of counsel fell below minimal constitutional standards or that Mr. Pankey's defense was prejudiced. The district court properly denied relief on these claims without holding an evidentiary hearing because the record conclusively shows that the prisoner was entitled to no relief thereon.
 
 IV
 
 26
 We now turn to what we see as the heart of Mr. Pankey's ineffective assistance of counsel claim: the allegation that his trial counsel's performance was constitutionally deficient because he failed to perfect an appeal. The government's response to this claim was that Pankey failed to allege specifically that he had asked his attorney to appeal or failed to say what the grounds for appeal would have been. The district court adopted this reasoning in dismissing Pankey's motion.
 
 
 27
 In his "traverse," Pankey responded to the government's argument on the issue of the failure to appeal with the following argument, which we quote warts and all:
 
 
 28
 "Even after the Defendant conviction he informed Counsel that he wished to appeal his conviction, a month later the Defendant in Prison phoned Counsel to ask about the appeal, Counsel told the [Defednat] that there was no need to appeal, this in its self characterizes the Counsel for the Defendant as Ineffective, its Counsels obligation to file a notice of appeal for the Defendant even if he hasn't been [payed] for such an appeal."
 
 
 29
 In his pro se appellate brief before this court Pankey elaborates on the circumstances of his failure to appeal as follows:
 
 
 30
 "Again the Defendant is not a Lawyer, and was not given a chance to state an explanation to these charges made by the Government until now, nor did he expect the District Court to pick such things as this....
 
 
 31
 For the record in this Court the Defendant did inform his Attorney that he wished to Appeal.
 
 
 32
 * * *
 
 
 33
 * * *
 
 
 34
 The Defendant phoned his Attorney the following days after he was convicted and ask him about the Appeal Procedure, the Attorneys statements were, that there was no need to Appeal, that it would'nt do any good to Appeal, the defendant not knowing anything about the Law was not aware that he had only Ten days to Appeal, ... it would appear that the Attorney for the Defendant has abandon the Defendant after the Trial, it is the duty of an Attorney to file a Notice of Appeal even if he has not been payed for such an Appeal, if he is instructed to do so by the Defendant.
 
 
 35
 ... The Counsel for the Defendant owed the highest duty, which one man owes another, that of a Lawyer to client, defense Counsel failed to discharge that obligation to the Defendant, and failed to take the simple step of filing a Notice of Appeal, although requested to do so and failed to notify the Defendant before it was to late...."
 
 
 36
 (Emphasis in original.) The record also contains an "Order Denying Application for Transcript," filed several months before the district court denied Pankey's Sec. 2255 motion, which refers to "a letter from [Pankey and his co-defendant] indicating that they wished to appeal their conviction" and states that "the Court responded by a letter explaining that the time for filing an appeal had expired, and the Court had no authority to authorize them to appeal...."
 
 
 37
 Under the circumstances of this case, we cannot agree with the district court's conclusion that Pankey was not entitled to a hearing on his claim that his attorney had failed to perfect an appeal despite being asked to do so. At the time of its original decision, the court had before it not only Pankey's allegation that "Petitioner's Attorney failed to file a Notice of Appeal" but also a letter from the prisoner, sent several months before the commencement of the Sec. 2255 proceedings, evincing a desire to appeal. At the time of the denial of Pankey's motion for reconsideration, the court also had before it Pankey's explicit statement, in a traverse to the government's response, that "he informed Counsel that he wished to appeal his conviction." At least at the time of the ruling on the motion for reconsideration, we think the papers before the court fairly raised a factual question as to whether Pankey had asked his counsel to appeal.
 
 
 38
 A lawyer's duty to his client does not cease after the entry of a judgment of conviction. Rather, "[t]rial counsel in criminal cases, whether retained or appointed ... is responsible for the continued representation of the client on appeal until specifically relieved by the Court of Appeals." Sixth Circuit Rule 12(a). The decision whether to appeal is generally not the sort of tactical decision on which a lawyer is permitted to override his client's wishes. The Supreme Court has observed that "the accused has the ultimate authority to make certain fundamental decisions regarding the case, as to whether to ... take an appeal...." Jones v. Barnes, 463 U.S. 745, 751 (1983). The pertinent American Bar Association standards, which are "guides to determining what is reasonable," Strickland, 466 U.S. at 688, state that "[w]hile counsel should do what is needed to inform and advise his client, the decision whether to appeal ... must be the defendant's own choice." ABA Standards for Criminal Justice, Standard 21-2.2(b) (2d ed. 1980). If Pankey's trial counsel ignored an explicit request by his incarcerated client to file a notice of appeal on his behalf, or, worse yet, misled his client into believing that a notice of appeal would be filed without intending to file it, this would constitute deficient performance under Strickland. See Gray v. United States, 834 F.2d 967 (11th Cir.1987) (per curiam); cf. Lopez-Torres v. United States, --- F.2d ---- (1st Cir. June 1, 1989); Bumgarner v. United States, 758 F.2d 1292 (8th Cir.1985) (per curiam).
 
 
 39
 We are confirmed in this judgment by a number of Sixth Circuit cases decided before Strickland. In Cartwright v. United States, 410 F.2d 122 (6th Cir.1969), for example, we held that a prisoner's allegation that he asked his trial counsel to file a notice of appeal and that trial counsel failed to comply was sufficient to require an evidentiary hearing on the prisoner's Sec. 2255 motion. In Rosinski v. United States, 459 F.2d 59 (6th Cir.1972) (per curiam), we held that a defendant who asked his attorney to file a notice of appeal on his behalf and was misled by the attorney into believing that such a notice would be filed was entitled to Sec. 2255 relief in the form of an out-of-time appeal. See also Duhart v. United States, 476 F.2d 597 (6th Cir.1973) (per curiam); Davis v. United States, 464 F.2d 1009, 1014 (6th Cir.1972). We have followed a similar course in Sec. 2254 state habeas cases. See Woodall v. Neil, 444 F.2d 92 (6th Cir.1971); Goodwin v. Cardwell, 432 F.2d 521 (6th Cir.1970); cf. Boyd v. Cowan, 519 F.2d 182 (6th Cir.1975).
 
 
 40
 Having concluded that Pankey's allegations concerning the performance of his trial counsel, if true, would be sufficient to establish performance falling below minimum Sixth Amendment standards, we turn to Strickland's prejudice requirement. Initially, we note that Pankey's failure to allege the grounds on which he would have appealed on the face of his pro se Sec. 2255 motion is not dispositive. Pankey's Sec. 2255 motion was completed on a form that instructed him to give only "Supporting FACTS" (emphasis in original), "without citing cases or law." It would not be reasonable to dismiss a pro se Sec. 2255 motion without hearing for failure to include legal argument of the sort pro se Sec. 2255 movants are, arguably, instructed not to include. It is also difficult to see how Pankey could be expected to determine what grounds for appeal existed after the district court denied his request for a transcript.
 
 
 41
 A more difficult question is whether the "prejudice" requirement of Strickland requires a prisoner in Pankey's shoes to show meritorious grounds for an appeal at his evidentiary hearing. Twenty years ago, in Rodriguez v. United States, 395 U.S. 327 (1969), a unanimous Supreme Court indicated that a showing of prejudice was not required:
 
 
 42
 "As this Court has noted before, '[p]resent federal law has made an appeal from a District Court's judgment of conviction in a criminal case what is, in effect, a matter of right.' Coppedge v. United States, 369 U.S. 438, 441 (1962). The Ninth Circuit seems to require an applicant under 28 U.S.C. Sec. 2255 to show more than a simple deprivation of this right before relief can be accorded. It also requires him to show some likelihood of success on appeal; if the applicant is unlikely to succeed, the Ninth Circuit would characterize any denial of the right to appeal as a species of harmless error. We cannot subscribe to this approach.
 
 
 43
 * * *
 
 
 44
 * * *
 
 
 45
 Those whose right to appeal has been frustrated should be treated exactly like any other appellants; they should not be given an additional hurdle to clear just because their rights were violated at some earlier stage in the proceedings. Accordingly, we hold that the courts below erred in rejecting petitioner's application for relief because of his failure to specify the points he would raise were his right to appeal reinstated."
 
 
 46
 395 U.S. at 329-30. Rodriguez cited with approval an earlier Sixth Circuit case taking a similar approach. Id. at 329 n. 2, 332 (citing United States v. Smith, 387 F.2d 268 (6th Cir.1967) (per curiam)).
 
 
 47
 The extent to which Rodriguez survives Strickland is uncertain. Bell v. Lockhart, 795 F.2d 655, 657-58 n. 7 (8th Cir.1986). Although Strickland requires that prejudice to the defendant be established in all cases, it has been held that prejudice will be presumed where there has been actual or constructive denial of counsel at a critical stage of the proceedings. United States v. Cronic, 466 U.S. 648, 659 (1984). And, significantly, prejudice must be presumed from appellate counsel's failure to file a brief complying with the requirements of Anders v. California, 386 U.S. 738 (1967). Penson v. Ohio, --- U.S. ----, 109 S.Ct. 346, 354 (1988); see also Freels v. Hills, 843 F.2d 958 (6th Cir.1988), cert. denied, --- U.S. ----, 109 S.Ct. 567 (1988).
 
 
 48
 Pankey's counsel is alleged to have completely abandoned his client at a critical stage of the proceeding, causing his client to forfeit his right to appellate review of his conviction. Under the circumstances, "it is difficult to distinguish [the defendant's] situation from that of someone who had no counsel at all." Evitts v. Lucey, 469 U.S. 387, 394 n. 6 (1985). Even if an attorney believes that his client's appeal has no merit, Anders does not permit him to walk away from his client; Anders requires the attorney to ask permission to withdraw and file a brief directing the appellate court's attention "to anything in the record that might arguably support the appeal." 386 U.S. at 744. The defendant must be notified and given the opportunity "to raise any points that he chooses." Id. If appellate counsel's failure to comply with the strictures of Anders is the type of error from which prejudice must be presumed, Penson, --- U.S. at ----, 109 S.Ct. at 354, we believe that trial counsel's failure to perfect an appeal at all, despite being asked to do so, also constitutes the type of deficiency as to which prejudice to the defendant must be presumed. Cf. Williams v. Lockhart, 849 F.2d 1134, 1137 n. 3 (8th Cir.1988) (Sec. 2254 habeas case); Hannan v. Maschner, 845 F.2d 1553, 1558 (10th Cir.1988) (same); Simmons v. Beyer, 689 F.Supp. 432, 445-46 (D.N.J.1988) (same).[3]
 
 
 49
 In short, because "the motion and the file and records of the case" do not "conclusively show that the prisoner is entitled to no relief," we instruct the district court to "grant a prompt hearing ..., determine the issues and make findings of fact and conclusions of law with respect thereto," as required by Sec. 2255. If the district court finds that Pankey's failure to appeal was due to counsel's refusal to follow Pankey's instructions, Pankey will be entitled to relief in the form of an out-of-time appeal. (The formal procedure by which this is accomplished is to vacate the defendant's original sentence and resentence the defendant, allowing the ten-day period for filing a notice of appeal to begin anew. See Rosinski, 459 F.2d at 59.) Of course, if the district court finds that Pankey did not instruct his attorney to appeal, Pankey will not be entitled to an out-of-time appeal. See, e.g., United States v. McAdams, 759 F.2d 1407, 1409-10 (9th Cir.1985).
 
 V
 
 50
 We regard Pankey's separate appeal from the order denying his "motion to recuse" the district judge as an attack on one aspect of the final judgment denying Sec. 2255 relief. The motion to recuse was based on the trial judge's apparent acquaintance with the family of one of the victims of the crime, an acquaintance the district court acknowledged in its order denying the motion. "Prior contact with the victim of a crime is not sufficient to show judicial bias." United States v. Story, 716 F.2d 1088, 1091 (6th Cir.1983). We find nothing in the record, apart from the bare fact of acquaintanceship, to support the allegation of bias, and the district court's denial of the motion will therefore be affirmed.
 
 
 51
 The judgment of the district court is AFFIRMED in part and VACATED in part, and the case is remanded for further proceedings consistent with this opinion.
 
 
 
 *
 The Honorable Ann Aldrich, United States District Judge for the Northern District of Ohio, sitting by designation
 
 
 [1]
 Even if we regarded the affidavits as properly before us, they would not lead us to grant relief on this ground. Six of the affidavits place Pankey in Trumann, Arkansas, in the afternoon of January 19, 1986. The seventh affidavit places Pankey in Trumann at 9:00 or 9:30 that evening. An eighth affidavit states that one Keith Swink "was with David Pankey on January 19, 1986, from around 5:30 p.m. until 9:30 p.m." but does not say where Pankey and Swink were
 Rule 201(b)(2), Fed.R.Evid., permits us to take judicial notice that Trumann is roughly 50 miles from Memphis, the scene of the crime. See, e.g., United States v. Perez, 776 F.2d 797, 801-02 (9th Cir.1985). Evidence that the defendant was 50 miles from the scene of the crime in the afternoon or even at 9:30 p.m. by no means refutes the government's evidence that Pankey was in Memphis at some point that evening.
 
 
 [2]
 Unlike the parties, we do not read Pankey's Sec. 2255 motion as alleging that the use of the victims' identification testimony violated Pankey's due process rights because of an improperly suggestive single photograph identification procedure, see Neil v. Biggers, 409 U.S. 188 (1972), and Manson v. Braithwaite, 432 U.S. 98 (1977), nor do we find a Sixth Amendment claim based on counsel's failure to raise this argument. See, e.g., Bruner v. Perini, --- F.2d ---- (6th Cir. May 12, 1989)
 
 
 [3]
 But see Lopez-Torres v. United States, --- F.2d ---- (1st Cir. June 1, 1989) ("it may be open to the government to show that the appeal would have lacked merit"); cf. Qualls v. United States, 774 F.2d 850, 852 & n. 1 (7th Cir.1985) (applying Strickland prejudice standard but emphasizing tactical nature of decision not to appeal on facts of particular case)