918 F.2d 179
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Bayron DeJesus MORENO, Defendant-Appellant.
 No. 90-1960.
 United States Court of Appeals, Sixth Circuit.
 Nov. 14, 1990.
 
 1
 Before RALPH B. GUY, Jr. and BOGGS, Circuit Judges, and BERTELSMAN, District Judge.*
 
 ORDER
 
 2
 This matter came before the Court on the defendant's response to this Court's order of October 2, 1990, directing the defendant to state why his appeal should not be dismissed for lack of jurisdiction. The defendant now moves this Court for an extension of time in which to file his notice of appeal. The defendant has also filed a motion to file instanter asking that his motion for an extension of time be accepted as timely. Defendant's motion for an extension was mailed on October 16, 1990 and filed on October 19, 1990.
 
 
 3
 The defendant appeals his conviction for narcotics offenses. For the purposes of 28 U.S.C. Sec. 1291, the final judgment was entered on August 14, 1990 when the judgment and conviction order was entered on the district court's docket sheet. Pursuant to Rule 4(b), Fed.R.App.P., the defendant had ten days from the entry of that judgment, i.e., until August 24, 1990 in which to file his notice of appeal. The appeal filed on August 27, 1990 was not within that time period.
 
 
 4
 Pursuant to the provisions of Rule 4(b), Fed.R.App.P., the defendant had 40 days from the entry of judgment, i.e., until September 24, 1990, in which to file a motion for an extension of time to file his appeal. Defendant's motion, whether mailed on October 16 or filed on October 19, 1990, was not within that time period. Furthermore, this court is without authority to extend the time for appeal. See Rule 26(b), Fed.R.App.P. That authority is vested only in the district court. Timely filing of a notice of appeal is a mandatory and jurisdictional prerequisite which this Court can neither waive nor extend. Browder v. Director, Department of Corrections of Illinois, 434 U.S. 257, 264 (1978); United States v. Hatfield, 815 F.2d 1068, 1073 (6th Cir.1987).
 
 
 5
 It is therefore ORDERED that the show cause order is discharged. This appeal and defendant's motion for an extension is dismissed sua sponte for lack of jurisdiction. Rule 9(b)(1), Local Rules of the Sixth Circuit. Defendant's motion to file for an extension instanter is dismissed as moot. This order is without prejudice to any remedies the defendant may have under 28 U.S.C. Sec. 2255. See e.g., Barrientos v. United States, 668 F.2d 838, 842 (5th Cir.1982); Rosinski v. United States, 459 F.2d 59 (6th Cir.1972) (per curiam).
 
 
 
 *
 The Honorable William O. Bertelsman, U.S. District Judge for the Eastern District of Kentucky, sitting by designation