929 F.2d 702
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Hubert McDANIEL, Defendant-Appellant.
 No. 91-5132.
 United States Court of Appeals, Sixth Circuit.
 April 3, 1991.
 
 1
 E.D.Ky., No. 90-00017; Siler, Jr., C.J.
 
 
 2
 E.D.Ky.
 
 
 3
 DISMISSED.
 
 
 4
 Before NATHANIEL R. JONES, Jr. and SUHRHEINRICH, Circuit Judges, and JOINER, Senior District Judge*.
 
 ORDER
 
 5
 The defendant appeals his jury conviction for manufacturing and possessing with intent to distribute marijuana, carrying a firearm in relation to a drug trafficking crime, and aiding and abetting. An initial review of the appeal, however, shows this court lacks appellate jurisdiction thereover.
 
 
 6
 The judgment of conviction was entered on the district court's docket sheet on November 5, 1990. Under Rule 4(b), Fed.R.App.P., the defendant had until Thursday, November 15, 1990, in which to file a timely notice of appeal. The defendant filed his notice of appeal on January 24, 1991. Accompanying the notice was a motion for an extension of time to file the notice beyond the 10-day deadline of Rule 4(b). The defendant asserted appointed trial counsel never advised him of the 10-day deadline, but did tell the defendant to find new counsel after he had been placed in a penal institution. He also stated his belief at that time that counsel "certainly would have done everything necessary to preserve his right to appeal." He did not discover the fact no appeal was taken until just before he filed his pro se notice of appeal.
 
 
 7
 The district court denied the motion for extension of time on grounds it lacked authority to do so where neither the notice of appeal nor the motion for an extension was filed within 40 days (i.e., the maximum period of extension permitted under Rule 4(b)) of the judgment.
 
 
 8
 The timely filing of a notice of appeal is a mandatory and jurisdictional prerequisite which this court can neither waive nor extend. See Browder v. Director, Department of Corrections of Illinois, 434 U.S. 257, 264 (1978); United States v. Hatfield, 815 F.2d 1068, 1073 (6th Cir.1987). Although the defendant moved for an extension of time to file a late notice of appeal, neither the motion nor the notice of appeal was filed within 40 days following the entry of judgment. Neither did the defendant submit any documents to the district court within that time which could be construed as a notice of appeal or a motion for extension of time. Under these circumstances, this court has no jurisdiction over the present appeal. See United States v. Christoph, 904 F.2d 1036, 1039-40 (6th Cir.1990); United States v. Hoye, 548 F.2d 1271, 1273 (6th Cir.1977) (per curiam).
 
 
 9
 It therefore is ORDERED that the defendant's appeal is dismissed sua sponte for lack of appellate jurisdiction. Rule 9(b)(1), Rules of the Sixth Circuit. This dismissal is without prejudice to any relief which may be available to the defendant under 28 U.S.C. Sec. 2255, either as to his conviction or as to the alleged failure of counsel to file a timely notice of appeal. See e.g., Rosinski v. United States, 459 F.2d 59 (6th Cir.1972) (per curiam); Barrientos v. United States, 668 F.2d 838, 842 (5th Cir.1982).
 
 
 
 *
 The Honorable Charles W. Joiner, Senior District Judge for the Eastern District of Michigan, sitting by designation