9 F.3d 1554
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Rayfield DUPREE, Defendant-Appellant.
 No. 92-30272.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Nov. 1, 1993.
Decided Nov. 4, 1993.
 
 Before: WRIGHT, GOODWIN and HUG, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Rayfield Dupree appeals his convictions for two counts of possession of hydromorphone with intent to distribute, conspiracy to distribute and possess the drug with intent to distribute, and distribution of it. He was originally sentenced by Judge Kleinfeld in 1988. His sentence was vacated and reimposed by Judge Fitzgerald in 1992, under 28 U.S.C. § 2255 for ineffective of counsel in failing to appeal Dupree's conviction as requested. See Rosinski v. United States, 459 F.2d 59 (6th Cir.1972). The underlying facts are not in dispute. We affirm.
 
 
 3
 Trial courts have broad discretion in considering motions for new trial based on juror misconduct. United States v. Hendrix, 549 F.2d 1225, 1227 (9th Cir.) ("It is within the trial court's discretion to determine whether and when to hold an evidentiary hearing on such allegations."), cert. denied, Hendrix v. United States, 434 U.S. 818 (1977). "[T]he appellant must show that a juror both failed to answer honestly a material question on voir dire and that a correct response would have provided a valid basis for a challenge for cause." McDonough Power Equipment Inc. v. Greenwood, 464 U.S. 548, 556 (1984) (emphasis added).
 
 
 4
 Dupree does not meet his burden. The district judge exercised his discretion not to hold an evidentiary hearing on Dupree's motion. He wrote a detailed order explaining why Dupree was not prejudiced by the juror's response. The judge found that the facts supporting the new trial motion did not show the juror's replies on voir dire were false. The judge said, "these were not dishonest answers in the sense required by McDonough Power Equipment, Inc. v. Greenwood."
 
 
 5
 Nor did the circumstances point to bias. First, Ross was a witness, not the defendant, warranting less concern. Second, the jury acquitted Dupree's codefendant while finding Dupree guilty. This tells us that the jury gave careful consideration to all of the facts rather than unjustifiably favoring or rejecting the testimony of Ross. Even if the juror might have had some slight favoritism for Ross, this was more than offset when the Assistant United States Attorney conceded that Ross had perjured herself on the stand. The denial of Dupree's motion after such findings was not an abuse of discretion.
 
 
 6
 Nor was Dupree denied a fair trial because the court instructed on aiding-and-abetting. A court may properly instruct the jury on aiding-and-abetting even though the indictment does not specifically charge it. United States v. Gaskins, 849 F.2d 454, 459 (9th Cir.1988). Any indictment for a substantive offense must be read as if the charge of aiding-and-abetting in that offense is embodied in the indictment. Id.
 
 
 7
 Further, Dupree failed to object to the aiding-and-abetting instruction at the pre-charging conference when the judge said that he intended to give it. Dupree has waived his right to object and we consider only whether the district court's use of the instruction was plain error.
 
 
 8
 Dupree cannot show plain error and resulting prejudice. Because the charge of aiding-and-abetting is implied in every indictment for the underlying substantive offense, the instruction was proper as a matter of law and not an "obvious" or "clear" error. United States v. Olano, 113 S.Ct. 1770, 1777 (1993). Nor has Dupree made a specific showing of prejudice. He does not argue, and there is no evidence in the record to support an argument, that the jury convicted him on the substantive counts because of the aiding-and-abetting instruction. Dupree fails because he cannot show that the jury would not have convicted him but for that instruction.
 
 
 9
 At trial, Dupree's accomplices linked him to numerous drug-related activities. The prosecution also presented corroborating evidence from other sources. The evidence was sufficient.
 
 
 10
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3