NOT RECOMMENDED FOR PUBLICATION
File Name: 26a0276n.06

Case No. 25-3634

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

FILED
Jun 26, 2026
KELLY L. STEPHENS, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
|     Plaintiff-Appellee, | ) | |
| | ) | ON APPEAL FROM THE UNITED |
| v. | ) | STATES DISTRICT COURT FOR |
| | ) | THE NORTHERN DISTRICT OF |
| JOSHUA SAUNDERS, | ) | OHIO |
|     Defendant-Appellant. | ) | |
| | ) | OPINION |

Before: BOGGS, KETHLEDGE, and THAPAR, Circuit Judges.

THAPAR, Circuit Judge. Joshua Saunders wanted to appeal his conviction and sentence for distributing child pornography and sexually abusing a minor. But his lawyer didn't file a timely notice of appeal. Because that qualified as ineffective assistance of counsel, the district court reissued the judgment to let Saunders file a delayed appeal. Saunders now uses that appeal to argue that the district court needed to hold a full resentencing hearing instead of simply reissuing the judgment. But a full resentencing hearing wasn't necessary, so we affirm.

I.

Federal agents caught Joshua Saunders receiving and distributing child pornography on an online messaging app. In total, Saunders possessed or circulated 760 images and 223 videos of children engaged in sexually explicit conduct. His collection included disturbing images of adults engaging in sex acts with toddlers under the age of 5 and prepubescent children under 12. It also included several videos and images of children being subjected to sadistic abuse. Worse still, some

of the videos showed Saunders himself sexually abusing his 10-year-old cousin. So Saunders was charged with receiving, distributing, and possessing child pornography, as well as sexually exploiting a child.

Instead of going to trial, Saunders entered a plea agreement. Under that agreement, he pled guilty to receiving and distributing child pornography and sexually exploiting a minor, and the government dismissed the count for possessing child pornography. Saunders also agreed to waive his right to appeal or collaterally attack his conviction and sentence, except in two limited circumstances. First, Saunders could appeal his sentence if it exceeded the statutory maximum punishment or the recommended term of imprisonment under the Sentencing Guidelines. Second, he could pursue legal remedies for "claims of ineffective assistance of counsel or prosecutorial misconduct." R. 24, Pg. ID 65.

At a plea hearing, the district court warned Saunders that he would face an "extremely lengthy" sentence if he pled guilty. R. 43, Pg. ID 1930. The district court told Saunders that his sentence would likely fall between a mandatory minimum of 15 years' imprisonment and a statutory maximum of 80 years' imprisonment. Saunders confirmed that he still wanted to waive his right to appeal any within-Guidelines sentence below that statutory maximum. Saunders also verified in his written plea agreement that he had discussed the plea with his counsel and was satisfied with the legal services he'd received.

At sentencing, the district court calculated Saunders's Guidelines range as 360 to 960 months' imprisonment. Neither side objected to that calculation. The district court considered the victim-impact statements it received from children depicted in the images and videos that Saunders collected, including from the cousin he abused. And it listened to statements from Saunders, his parents and grandmother, and his minor victim's mother and relatives. The district court ultimately

sentenced Saunders to 480 months' imprisonment and a lifetime of supervised release for his "more than awful" and "egregious" conduct. R. 41, Pg. ID 1884, 1879.

The district court entered a final judgment, and Saunders didn't file a notice of appeal. But a few months later, he wrote a letter to the district court stating that he had been "trying to file for an appeal." R. 35, Pg. ID 1859. He explained that he had directed his attorney to file a notice of appeal, move for an extension of time to appeal, and withdraw as Saunders's appellate counsel. But his attorney hadn't done any of those things. The district court construed Saunders's letter as a motion for an extension of time to appeal and denied it as untimely.

So Saunders tried to prove that he'd asked his lawyer to appeal. About six months after the final judgment entry, Saunders sent the district court a copy of a letter he had previously mailed to his attorney. Sure enough, in that letter, Saunders had instructed his lawyer to file a notice of appeal. He also told him to "request and prepare an extension of time to appeal, an appeal, and a motion to withdraw as appellate counsel." R. 37, Pg. ID 1862. He emphasized that "time [wa]s of the essence" for his requests. *Id.*

At that point, the district court appointed a federal public defender to represent Saunders. With his new lawyer's help, Saunders then requested that the district court vacate his sentence because he received ineffective assistance of counsel. *See* 28 U.S.C. § 2255. He asserted that his first lawyer (1) advised him to sign a plea agreement that didn't benefit him, (2) failed to obtain mental-health records or investigate other mitigating evidence, and (3) neglected to file a notice of appeal when asked. To support that final ground for relief, Saunders's mother provided an affidavit confirming that she had repeatedly asked Saunders's lawyer in person, over the phone, and by text message to timely appeal.

The district court granted partial relief on the third claim and dismissed the other two claims without prejudice. Based on Saunders's and his mother's efforts, the district court found that "the record clearly establishes that but for" his attorney's failure to file a notice of appeal, Saunders "would have timely appealed." R. 64, Pg. ID 2117. As a result, the district court concluded that Saunders had been denied effective assistance of counsel. *See Roe v. Flores-Ortega*, 528 U.S. 470, 480 (2000). To give Saunders a chance to appeal, the district court vacated Saunders's original sentence and reissued the same judgment. Saunders then timely appealed the amended judgment and the order dismissing his first two grounds for relief.

Saunders also requested a certificate of appealability to challenge the dismissal of his first two ineffective-assistance claims. The district court denied that request without prejudice, and this court did the same. We explained that Saunders could pursue his other ineffective-assistance claims once we resolved his now-revived direct appeal.

II.

On appeal, Saunders argues that he presented new information about his psychological state and maturity in his habeas petition that undermines the district court's rationale for his sentence. He therefore claims that the district court abused its discretion by reissuing the amended judgment without resentencing him.

But the district court didn't abuse its discretion. When a defendant shows that counsel failed to file a notice of appeal when asked, he's "entitle[d] . . . to relief in the form of a delayed appeal." *Campbell v. United States*, 686 F.3d 353, 360 (6th Cir. 2012). To issue that relief, the sentencing court may "vacate . . . the sentence." 28 U.S.C. § 2255(a). It may then reissue the judgment to restart the clock for the defendant to file a notice of appeal. *Rosinski v. United States*, 459 F.2d 59, 59 (6th Cir. 1972) (per curiam). That's what the district court did here.

In response, Saunders claims that his presentation of new information—including a "psychosexual evaluation"—entitled him to a "de novo resentencing" instead of a delayed appeal. Appellant's Br. at 9, 20. But that's not the remedy for his counsel's failure to follow his wishes and file a timely appeal. *See, e.g.*, *Ludwig v. United States*, 162 F.3d 456, 459 (6th Cir. 1998). Why? Because the failure to file a notice of appeal doesn't affect the accuracy or integrity of Saunders's conviction or sentence. Instead, it costs him only the opportunity to appeal. Giving Saunders a second chance to appeal rectifies that harm.

Aside from the scope of relief, Saunders also appears to challenge the reasonableness of his sentence. He argues that the district court failed to consider evidence that "intrafamilial sex offender[s]" are less likely to recidivate when sentencing him. Appellant's Br. at 16–17 (quotation omitted). But the plea agreement bars any direct challenge to Saunders' sentence. In that agreement, Saunders waived his right to appeal or collaterally attack a within-Guidelines sentence except for "claims of ineffective assistance of counsel or prosecutorial misconduct." R. 24, Pg. ID 65. That waiver extends to Saunders's argument that the district court failed to consider certain evidence when imposing his within-Guidelines sentence. So to the extent he is raising a direct sentencing challenge, he can't do so. Of course, Saunders may still raise any ineffective-assistance claims as a collateral attack in the district court. *See Massaro v. United States*, 538 U.S. 500, 504–05 (2003).

\* \* \*

We affirm.