NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 05a0553n.06
Filed: June 27, 2005

Case No. 03-3750

IN THE UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

MICHAEL LEE JOHNSON,         )      ON APPEAL FROM THE UNITED
           )      STATES DISTRICT COURT FOR
      Petitioner-Appellant,    )   THE NORTHERN DISTRICT OF OHIO
           )
v.           )
           )
UNITED STATES OF AMERICA,    )
           )
      Respondent-Appellee.    )

Before: CLAY and GIBBONS, Circuit Judges; STAFFORD, District Judge.*

STAFFORD, District Judge. Petitioner appeals his convictions and sentence for armed bank robbery and brandishing a firearm during and in relation to bank robbery. We dismiss for lack of jurisdiction.

I.

On July 11, 2000, Michael Lee Johnson ("Johnson") and two co-conspirators were charged in a six-count indictment with three armed bank robberies in Cleveland, Ohio. Counts 1, 3, and 5 charged Johnson with armed bank robberies on October 25, 1999, December 10, 1999, and December 17, 1999, respectively, in violation of 18

---

* The Honorable William Stafford, United States District Judge for the Northern

District of Florida, sitting by designation.

U.S.C. § 2113(a) and (d), and 18 U.S.C. § 2. Counts 4 and 6 charged Johnson with brandishing a firearm during and in relation to the latter two bank robberies in violation of 18 U.S.C. § 924(c)(1) and 18 U.S.C. § 2.

On September 21, 2000, Johnson pleaded guilty to counts 1, 3, 4, and 5 of the indictment pursuant to a written plea agreement. Count 6 was dismissed against Johnson on the motion of the United States. On December 8, 2000, the district court sentenced Johnson to terms of ninety-seven (97) months imprisonment on counts 1, 3, and 5, and seven (7) years imprisonment on Count 4. The sentences were to run consecutively and were to be followed by five (5) years supervised release on counts 1, 3, and 5, and three (3) years supervised release on count 4, to be served consecutively. Johnson was also ordered to pay restitution to the banks in the amount of $56,372.70 as well as a $400 special assessment.

Johnson filed an untimely notice of appeal on July 20, 2001, and the appeal was dismissed for lack of jurisdiction. On December 4, 2001, Johnson filed a section 2255 motion in the district court, challenging his conviction and sentence on four grounds. As to one of those grounds, Johnson argued that his lawyer was ineffective for failing to file a timely notice of appeal. On April 24, 2003, the district court granted Johnson's motion with respect to his claim regarding counsel's ineffective assistance for failure to file a timely notice of appeal but denied Johnson's remaining claims. While declining to issue a certificate of appealability with respect to the claims that were denied, the district court granted Johnson thirty (30) days to file an appeal of his sentence. Johnson filed a notice of appeal on May 2, 2003.

II.

The United States concedes that Johnson should have the right to a delayed appeal but, nonetheless, contends that this court lacks jurisdiction over Johnson's appeal because the district court failed to follow proper procedures for starting the appeal time anew.  The United States is correct.

Rule 4(b)(1)(A) of the Federal Rules of Appellate Procedure provides that a defendant's notice of appeal in a criminal case must be filed within ten days of the entry of judgment.  Upon a showing of excusable neglect, the district court may extend the filing period for up to thirty (30) days.  Fed. R. App. P. 4(b)(4).  Compliance with Rule 4(b) is mandatory and jurisdictional.  *United States v. Robinson*, 361 U.S. 220, 228-30 (1960); *United States v. Hoye*, 548 F.2d 1271, 1273 (6th Cir. 1977).  Neither a district court nor an appellate court has the authority to extend the jurisdictional time limits in Rule 4(b).  Fed. R. App. P. 26(b)(1).

In *Rosinski v. United States*, 459 F.2d 59 (6th Cir. 1972) (per curiam), on a defendant's appeal of the district court's denial of his section 2255 motion, this court found that counsel's failure to perfect an appeal amounted to ineffective assistance. The district court's order on the defendant's section 2255 motion was reversed, and the case was remanded with directions to the district court "to grant the petitioner's motion, vacate the sentence imposed, and resentence petitioner on the original conviction in order to start the time for appeal running again."  *Id*; *see also United States v. Phillips*, 225 F.3d 1198, 1201 (11th Cir. 2000) (explaining that "[w]hen the district courts...conclude that an out-of-time appeal in a criminal case is warranted as the remedy in a § 2255 proceeding, they should effect that remedy in the following way: (1)

the criminal judgment from which the out-of-time appeal is to be permitted should be vacated; (2) the same sentence should then be reimposed; (3) upon reimposition of that sentence, the defendant should be advised of all the rights associated with an appeal from any criminal sentence; and (4) the defendant should also be advised that the time for filing a notice of appeal from that re-imposed sentence is ten days, which is dictated by Rule 4(b)(1)(A)(i)").

In this case, after granting Johnson's section 2255 motion in part, the district court should have followed the procedure set out in *Rosinski* and *Phillips* for starting the Rule 4(b) appeal time anew: namely, the district court should have vacated the sentence imposed and resentenced Johnson on the original conviction.  Because the district court did not follow that procedure, and because Johnson's notice of appeal was accordingly not filed within ten days of the entry of judgment as required by Rule 4(b), this court lacks jurisdiction over Johnson's appeal.  Johnson's appeal is accordingly DISMISSED for lack of jurisdiction, and the case is REMANDED to the district court for reimposition of sentence.  The District Court at the time of reimposition of sentence shall advise Johnson of all the rights associated with an appeal from any criminal sentence and shall advise Johnson that the time for filing a notice of appeal from that reimposed sentence is ten days.