NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 06a0690n.06
Filed: September 14, 2006

Case No. 05-4148

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR |
| | ) | THE NORTHERN DISTRICT OF |
| v. | ) | OHIO |
| | ) | |
| | ) | |
| MICHAEL LEE JOHNSON, | ) | |
| | ) | |
| Defendant-Appellant. | ) | |

BEFORE:   MARTIN and GILMAN, Circuit Judges; SARGUS, District Judge.[*]

        **SARGUS, District Judge.**   Michael Lee Johnson pled guilty to three counts of armed bank robbery, 18 U.S.C. § 2113(a) and (d), and one count of using or carrying a firearm during and in relation to a crime of violence, 18 U.S.C. § 924(c).  On remand from this Court, the district court sentenced Johnson to ninety-seven months of imprisonment on the bank robbery charges and a consecutive sentence of eighty-four months of imprisonment on the firearm charge, followed by ninety-six months of supervised release.  Johnson now appeals his sentence for failure to establish a factual basis for the firearm charge, ineffective assistance of counsel, and for *Booker* judicial fact-finding errors.

_____

        [*]The Honorable Edmund A. Sargus, Jr., United States District Judge for the Southern District of Ohio, sitting by designation.

## I.

According to the facts within his plea agreement, Johnson planned and participated in the robbery of a Firstar Bank in Cleveland, Ohio on October 25, 1999, and received approximately $21,626 from the robbery.  On December 10, 1999, Johnson planned and participated in the robbery of a Key Bank in Cleveland.  Johnson provided co-participant Andre Harris with a .38 caliber handgun, which Harris brandished at the December 10, 1999, robbery.  This robbery yielded $9,309 to the three participants.  Finally, on December 17, Johnson planned and participated in the robbery of a Charter One Bank in Cleveland, in which the three participants successfully stole $25,013.  This time, Johnson provided Terrence Williams with a .38 caliber handgun, which was brandished during the robbery.

Johnson was charged, along with his two co-defendants, with three counts of armed bank robbery and two counts of brandishing a firearm during those robberies.  On September 21, 2000, Johnson pled guilty to the three counts of bank robbery and one count of brandishing a firearm, while the government dismissed the second count of brandishing based on the written plea agreement between Johnson and the government.   On December 8, 2000, the district court calculated Johnson's combined offense level as twenty-eight for the three bank robberies.  With a criminal history category of III, this resulted in a sentencing guidelines range of 97-121 months.  The gun charge carried with it a statutory minimum of eighty-four months in prison.  18 U.S.C. § 924(c)(1)(A)(ii).  As a result of these calculations, the district court sentenced Johnson to ninety-seven months of imprisonment for the bank robberies and an additional eighty-four months of imprisonment for the brandishing charge, followed by ninety-six months of supervised release.

Johnson filed an untimely notice of appeal to this Court on July 20, 2001. On September 20, 2001, this Court dismissed Johnson's appeal for lack of jurisdiction. On December 4, 2001, Johnson filed a motion in the district court to vacate, set aside, or correct his sentence based on four grounds, including ineffective assistance of counsel for failure to file notice of appeal. *See* 28 U.S.C. § 2255. The district court granted Johnson's motion with respect to his ineffective-assistance-of-counsel claim for failure to file notice of an appeal while denying the remaining grounds on April 24, 2003. It then declined to issue a Certificate of Appealability. Johnson filed an appeal to this Court on May 2, 2003, and this Court granted a Certificate of Appealability on October 2, 2003.

On June 27, 2005, this Court issued an unpublished decision holding that it again lacked jurisdiction to hear Johnson's appeal. *Johnson v. United States*, No. 03-3750, 2005 WL 1506050 (6th Cir. June 27, 2005) (unpublished). This Court held that the district court should have, upon granting the motion, vacated the sentence imposed and resentenced Johnson on the original conviction to restart the time for an appeal. *Id.* at *4 (citing *Rosinski v. United States*, 459 F.2d 59 (6th Cir. 1972) (per curiam). After this Court dismissed the appeal, the district court complied with our instructions on August 22, 2005 and imposed an identical sentence as that in Johnson's original sentencing hearing.

Johnson filed a timely notice of appeal to this Court on August 29, 2005.

**II.**

On appeal, Johnson first contends that the district court violated *Apprendi v. New Jersey*, 530 U.S. 466 (2000), by judicially finding that he had brandished a firearm, resulting in a seven-year mandatory minimum sentence under 18 U.S.C. § 924(c). Johnson also asserts in this

same assignment of error that his trial counsel was constitutionally ineffective for permitting him to plead guilty to a charge for which the necessary factual predicates had not been established and to which Johnson had not admitted. In his second assignment of error, Johnson alleges that the district court erred in assessing points in determining the sentencing guidelines range based on the use of a firearm and the amount of funds stolen in the bank robberies.

As to the first assignment of error, because Johnson failed to enter an objection before the district court, we review for plain error. *United States v. Sanders,* 404 F.3d 980, 987 (6th Cir. 2005). With regard to his claim that the district court improperly calculated his guidelines sentencing range, this Court determines whether the guideline range was correctly determined, whether guideline departure issues were considered, and whether, after considering 18 U.S.C. § 3553(a), the sentence imposed was reasonable. *United States v. McBride*, 434 F.3d 470, 476 (6th Cir. 2006).

**III.**

The issues Johnson raises on appeal are foreclosed by the terms of the plea agreement. The plea agreement, the validity of which is not challenged by Johnson, included a non-binding recommendation to the district court that the combined offense level for Counts One, Three and Five was twenty-eight. The plea agreement also recited that, pursuant to 18 U.S.C. § 924(c), the district court was required to impose an additional, consecutive sentence of seven years, since Johnson was pleading guilty to brandishing a firearm in the course of a crime of violence. The sentence imposed by the district court was in accord with the recommendations set forth in the plea agreement.

The plea agreement also contained the following provision:

16. The defendant, recognizing that in limited circumstances he could have the right to appeal the sentence imposed, hereby knowingly, voluntarily, and expressly waives the right to appeal his conviction and sentence on any ground, including any appeal right conferred by Title 18, United States Code, Section 3742, provided he is sentenced within the guideline range determined by the Court pursuant to the terms of this plea agreement and the Court does not depart upward.

The government contends that the waiver provision prevents review of the issues raised by Johnson. We agree.

This Court has repeatedly enforced provisions of plea agreements waiving a defendant's right to appeal, unless the sentence imposed exceeded the statutory maximum or the sentence was imposed in violation of the Constitution. *United States v. Caruthers*, No. 05-5307, – F.3d – , 2006 WL 2320942, (6th Cir. Aug. 11, 2006). In this case, the sentence imposed was in accord with the recommendation made in the plea agreement by the parties to the district court. Johnson is bound by his plea agreement, thereby barring further review.[1]

**IV.**

Based upon the foregoing, we **AFFIRM** the decision of the district court.

---

[1]We do note in passing that the same plea agreement induced the government to voluntarily dismiss a second firearms charge under 18 U.S.C. § 924(c). Had he been convicted of this alleged offense, Johnson would have received an additional, consecutive twenty-five year sentence.