**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 13a0549n.06

**No. 12-5858**

**UNITED STATES COURT OF APPEALS**
**FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | **FILED** |
| | ) | ***Jun 04, 2013*** |
| *Plaintiff-Appellee*, | ) | DEBORAH S. HUNT, Clerk |
| | ) | |
| v. | ) | ON APPEAL FROM THE |
| | ) | UNITED STATES DISTRICT |
| TELLIS T. WILLIAMS, | ) | COURT FOR THE MIDDLE |
| | ) | DISTRICT OF TENNESSEE |
| *Defendant-Appellant*. | ) | |
| | ) | **O P I N I O N** |

BEFORE:    COLE and COOK, Circuit Judges; KATZ, District Judge.[*]


KATZ, District Judge. Defendant Tellis T. Williams pleaded guilty to armed bank robbery and was sentenced to 168 months of incarceration. Now, on direct appeal, he says that he received ineffective assistance of counsel that rendered his guilty plea other than knowing and voluntary. In the alternative, he says that ineffective assistance of counsel tainted the sentencing process and he should be resentenced. Because these claims are better addressed in a post-conviction motion, we affirm the conviction and the sentence but order the district court to reopen Mr. Williams' 28 U.S.C. § 2255 case and consider these claims there.

---

[*] The Honorable David A. Katz, United States District Judge for the Northern District of Ohio, sitting by designation.

I.

This is a direct appeal from a case that began in 2009 and, at least by initial appearances, reached resolution just months later. On April 15, 2009, Mr. Williams brandished a handgun and robbed a U.S. Bank branch in Murfreesboro, Tennessee. Law enforcement apprehended him the following day and a grand jury indicted him on one count of armed bank robbery. 18 U.S.C. § 2113(a) & (d). The district court appointed an assistant public defender as Mr. Williams' counsel.

The government incarcerated Mr. Williams at the Robertson County Detention Facility (RCDF) during most of the time this case pended. While there, Mr. Williams complained to his counsel and to the district court about the conditions at RCDF, particularly the lack of food and the insufficient nutritional quality of the food. The district court took his complaints seriously and, after an initial status hearing, conducted six days of evidentiary hearings regarding the conditions at RCDF. Mr. Williams' appointed criminal counsel represented him during those proceedings and Mr. Williams testified at the hearings.

Four days into the evidentiary hearings on the RCDF conditions (and while Mr. Williams was still detained at RCDF), Mr. Williams informed his counsel that he wished to plead guilty to armed bank robbery as charged. Counsel entered a plea petition and the district court held a hearing the following day at which it accepted the plea and found Mr. Williams guilty. Weeks after entry of the plea – but before sentencing – the district court issued its findings on the RCDF conditions and ordered Mr. Williams to be moved to another detention facility because of those conditions. Later, at sentencing, the court found Mr. Williams to be a career offender, calculated a Sentencing

Guidelines range of 188 to 235 months, and sentenced him to 168 months of incarceration. The district court varied twenty months below the Guidelines range because of Mr. Williams' contribution as a whistleblower regarding the RCDF conditions.

No notice of appeal was filed, and the time to do so lapsed in late 2009. Mr. Williams then filed a § 2255 motion claiming ineffective assistance of counsel on several points, including the fact that no direct appeal was filed. The district court agreed that Mr. Williams should be afforded the right to a delayed direct appeal, so it vacated its prior judgment and entered an identical judgment and sentence on July 11, 2012, which opened a new window of time in which Mr. Williams could appeal. The district court did not address Mr. Williams' other claims, which are essentially those before this Court now. This appeal timely followed the reentry of judgment.

II.

Generally, claims of ineffective assistance of counsel are addressed via collateral attack rather than direct appeal. *United States v. Ferguson*, 669 F.3d 756, 762 (6th Cir. 2012) (citing *Massaro v. United States*, 538 U.S. 500, 504 (2003)). We require this so that the litigation may fully develop such that we might be able to see the distinction between an attorney's calculated risk and a true mistake; to help assure that issues are completely developed before we decide them; to avoid putting appellate counsel in the position of relying on the trial counsel for assistance while simultaneously arguing he was deficient (or, worse, to avoid compelling appellate counsel to argue that he, himself, was ineffective in the trial court); and to allow the district court to first decide the factual and legal issues underlying the ineffective assistance claim. *See Guinan v. United States*, 6 F.3d 468, 473 (7th Cir. 1993) (Easterbrook, J., concurring) *abrogated by Massaro*, 538 U.S. at 500; *see also United*

*States v. Sypher*, 684 F.3d 622, 626 (6th Cir. 2012); *United States v. Walden*, 625 F.3d 961, 967 (6th

Cir. 2010).

This case's disposition is atypical because an initial § 2255 motion came before this direct

appeal. Over two days in June 2012, the district court conducted evidentiary hearings in the § 2255

case, heard Mr. Williams' and his public defender's testimony, and admitted 35 exhibits, including

the transcripts of the six days of evidentiary hearings regarding the RCDF conditions. *Williams v.*

*United States*, No. 3:10-cv-1176, Doc. 28 (M.D. Tenn, Jun. 6, 2012) (witness and exhibit list); *id.*

at Docs. 29 & 30 (hearing transcripts). Based on this record, the district court agreed that Mr.

Williams was entitled to a delayed direct appeal and reentered its judgment and sentence to create

a new appeal window. *Id.* at Doc. 36 (Order); *id.* at Doc. 35 (Memorandum); *see also Johnson v.*

*United States*, 146 F. App'x 4, 5-6 (6th Cir. 2005) (endorsing this procedure for creating a new

appeal window when a court finds ineffective assistance of counsel led to a missed appeal). The

court did not address Mr. Williams' other claims, leaving them for the direct appeal:

> Here is my current thinking. That the issue about assistance of counsel on the notice
> of appeal is the first issue that has to be addressed. If that has merit, then it appears
> to me all the other issues are moot because the remedy for ineffective assistance of
> counsel regarding notice of appeal would be to allow a delayed appeal, and then all
> those other issues could be presented on a delayed appeal.

(Hearing Tr., Cause 3:10-cv-1176, Doc. 30 at 169.) The district court included the record from Mr.

Williams' § 2255 case in the criminal case now on appeal.

Both Mr. Williams and the government say that the inclusion of the § 2255 record affords

this court a complete record from which to decide these issues. (Appellant Br. at 13; Appellee Br.

at 34-35.) The rule against addressing ineffective assistance claims on direct appeal is prudential,

not jurisdictional; when appropriate, we may delve into such analyses. *Ferguson*, 669 F.3d at 762 (citing *United States v. Pierce*, 62 F.3d 818, 833 (6th Cir.1995); *United States v. Wunder*, 919 F.2d 34, 37 (6th Cir. 1990)). Whether to consider ineffective assistance claims on direct appeal depends on whether the record is sufficiently developed to evaluate and rule on the claims. *United States v. Bradley*, 400 F.3d 459, 461-62 (6th Cir. 2005). In rare cases where the record is completely developed, we have considered ineffective assistance claims, but, in the vast majority of cases, we defer consideration until the district court has had the opportunity to consider and rule on the factual allegations and legal theories underpinning the ineffective assistance claim.

Even though both sides agree they presented evidence on every allegation of ineffective assistance, the record lacks findings of fact and conclusions of law on all but the filing of the late appeal. The district court declined to address Mr. Williams' additional § 2255 claims because it opted to open the time window for a direct appeal and wished to wait for a resolution of that before considering the other matters in the § 2255 motion. The district court's deferral of the issues until after the direct appeal is not without merit; many issues require presentment on direct appeal before they can be cognizable on collateral review. *Bousley v. United States*, 523 U.S. 614, 621 (1998). Furthermore, in considering the § 2255 motion and granting the late appeal, the district court had no way of knowing whether Mr. Williams would raise other issues that are addressable at this level.

Nevertheless, a variety of questions remain unresolved, and the district court must address them before we can determine whether Mr. Williams' counsel's performance was deficient and whether that deficient performance prejudiced his defense. *See Massaro*, 538 U.S. at 505 ("Under the rule we adopt today, ineffective-assistance claims ordinarily will be litigated in the first instance

in the district court, the forum best suited to developing the facts necessary to determining the adequacy of representation during an entire trial. The court may take testimony from witnesses for the defendant and the prosecution and from the counsel alleged to have rendered the deficient performance."). The judge who heard the testimony and reviewed the evidence is better suited to decide these issues. *See, e.g.*, *United States v. Lopez-Medina*, 461 F.3d 724, 737 (6th Cir. 2006); *Porterfield v. Bell*, 258 F.3d 484, 487 (6th Cir. 2001) (directing the district court to rule on the certificate of appealability, "because the district court is already deeply familiar with the claims raised by petitioner, it is in a far better position from an institutional perspective than this court to determine which claims should be certified for appeal.").

III.

Even though the district court must rule on the ineffective assistance claims before we can consider them, this direct appeal is not the vehicle for returning the matter to the district court. Were we to remand the criminal case to the district court with instructions to consider these questions, the matter would still be in the mode of the original case and its direct appeal, and we have just said that ineffective assistance claims are not best considered in that disposition. On the other hand, were we to simply deny the claims, Mr. Williams may not be able to raise these same issues again in a second § 2255 motion. *See* 28 U. S.C. § 2255(h). This outcome runs contrary to the interest of being able to fully raise each issue. Therefore, we AFFIRM Mr. Williams' conviction and sentence but we REMAND this matter to the district court with the instruction that the district court reopen Mr. Williams' § 2255 case and rule on the issues of ineffective assistance of counsel.